120 F.3d 1260
 43 U.S.P.Q.2d 1860
 CVI/BETA VENTURES, INC., Plaintiff-Appellee,
Marchon Eyewear, Inc., Marcolin USA, Inc., and Rothandberg,
Inc., Plaintiffs-Appellees,
v.
TURA LP and Brodart Co., Defendants-Appellants,
and
Arthur Brody, Defendant,
and
Bracken Opticians, Defendant.
 No. 96-1167.
 United States Court of Appeals,
Federal Circuit.
 Aug. 13, 1997.
 
 1
 James J. Maune, Brumbaugh, Graves, Donohue & Raymond, New York City, for plaintiff-appellee CVI/BETA Ventures, Inc. Of counsel was David T. Cunningham.
 
 
 2
 Edgar H. Haug, Curtis, Morris & Safford, P.C., New York City, for plaintiffs-appellees Marchon Eyewear, Inc., Marcolin U.S.A., Inc. and Rothandberg, Inc. Of counsel were John R. Lane, Daniel G. Brown, and Yvonne K. Tran. Also of counsel were Robert J. Mathias, Piper & Marbury, L.L.P., Baltimore, MD, Robert J. Koch, Fulbright & Jaworski, L.L.P., Washington, DC, and Daniel J. Leffell, Paul, Weiss, Rifkind, Wharton, & Garrison, New York City.
 
 
 3
 Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Washington, DC, for defendants-appellants. Of counsel was Darrel C. Karl.
 
 ORDER
 
 4
 A combined petition for rehearing and suggestion for rehearing in banc having been filed by the APPELLEE, and a response thereto having been invited by the court and filed the APPELLANT, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the suggestion for rehearing in banc and response having been referred to the circuit judges authorized to request a poll whether to rehear the appeal in banc, and a poll having been requested, taken, and failed, it is
 
 
 5
 ORDERED that the petition for rehearing be, and the same hereby is, DENIED, and it is further
 
 
 6
 ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.
 
 
 7
 Circuit Judge MAYER dissents in a separate opinion.
 
 
 8
 MAYER, Circuit Judge, dissenting.
 
 
 9
 By denying CVI/BETA's suggestion for rehearing en banc, the court once again shows that we are solecists. We are not the only ones who use the law, and like our audience--the patent community, the district judges, and others--we are bound to interpret law according to specific rules. By violating these interpretive rules, or by exposing them to exceptions so that our court can amass decisionmaking authority without due deference to other actors in the process, we inappropriately encumber the process with ambiguity, which invites uncertainty in the law and which cannot help but to repay us with larger caseloads and disgruntled litigants.
 
 
 10
 In affirming the judgment of infringement in Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed.Cir.1995), the Supreme Court chose not to reaffirm this court's majority opinion. Markman v. Westview Instruments, Inc., --- U.S. ----, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Instead, it divided the responsibilities for claim construction between actors according to well-established principles. The Court gave the trial judge the task of interpreting the scope of the patent by examining the claims, the specification, the prosecution history, and extrinsic evidence. To the trial level fact finder, the Supreme Court left the task of evaluating extrinsic evidence to determine the scope and content of prior art and what a claim term would mean to one of ordinary skill in that art. To the appellate court, the Court allocated a much narrower task, reviewing the district court's claim construction. The Supreme Court in no way suggested that, where the district court found facts about the prior art or the skill and understanding of an artisan, the appellate panel could disregard these findings upon de novo review. Instead it called for the trial court and the appellate court each to work within its own field of expertise and with its own procedures.
 
 
 11
 Our adjudicatory system has redundant mechanisms to correct errors when and where they occur. At the trial level, for example, parties can object to proposed findings of fact and conclusions of law, they can move for judgment as a matter of law following a jury verdict, for reconsideration, or even for a new trial. As these options exhaust, the principle of finality engages in various ways so as to preclude further discussion. For each alleged error, a party is required to meet a predefined standard before the judicial system permits resurrection of the settled question. As an appellate court, we lack the trial devices and technical understanding to retry a patent case anew. Because we also lack the time, the familiarity with the facts, and the immersion in spoken and unspoken detail, technical and contextual, that occur during a trial, we are also more likely to assume that we can understand a claim term without resort to expert testimony about the existence and resolution of ambiguity in meaning. But we should not forget the warning of Socrates: it is a wise man who recognizes how little he knows.
 
 
 12
 A suggestion for rehearing en banc does not give parties a meaningful mechanism to protect themselves from the sort of appellate review contemplated by the court in this case. If read in conjunction with Markman, the denial order says that no deference is given to the factual findings of the trial court. In fairness ought we not permit parties to disengage the procedural locks that implement the principle of finality, so that additional discovery and testimony can be had on appeal? Shouldn't parties be able to test and object to the claim interpretations of the appellate panel?
 
 
 13
 When reviewing findings of fact, the appellate court affirms absent a showing that the district court committed clear error. These findings of fact are relevant only to the instant parties, and justice can be approached and disbursed without significant concern for consistency between opinions. However, when reviewing questions of law, which will prospectively influence the behavior of diverse parties and the courts, our system works to attain greater consistency between results. To achieve this consistency in law, we have the freedom to differ from, rather than defer to the court that we review. Between the two, where we must review determinations of law that are informed by the resolution of factual disputes, we must separate the two and give each its proper measure of respect. When we do otherwise, we 'deviate from the proper, normal and accepted order of our judicial duties, we are not consonant with logic, circumstance, known fact and other standards, our actions are improper, and if these were but guidelines instead of binding rules, we would be breaching etiquette and decorum.'* Save to augment the power of our court, no rational basis exists to deviate from every other area of appellate review, in which we examine the factual findings of a district court only for clear error. To remedy this mistake and limit the role of the court to the review contemplated by the Supreme Court in Markman v. Westview Instruments, Inc., --- U.S. ----, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), I believe rehearing en banc is necessary.
 
 
 
 *
 This is a paraphrase of the definition of solecism found in Webster's Third New International Dictionary 2168 (1971)